JOHN GROEBNER v. JOHN SCHUGEL, SR.[1]

March 2, 1928.

No. 26,595.

**Dismissal for lack of jurisdiction.**

Dismissal of action to vacate justice court judgment at close of plaintiff's case, for want of jurisdiction, sustained. [Reporter]

Courts, 15 C. J. p. 825 n. 75.

Plaintiff appealed from an order of the district court for Brown county, Olsen, J. denying his motion for a new trial. Affirmed.

*Albert D. Flor,* for appellant.

*Mueller & Erickson,* for respondent.

PER CURIAM.

Action to set aside a judgment entered in favor of the defendant and against the plaintiff in the court of a city justice in New Ulm, Brown county. The action was dismissed at the close of the plaintiff's case, and he appeals from the order denying his motion for a new trial.

The theory of the complaint is that the city justice did not have jurisdiction. There is no question but that jurisdiction was acquired by service of process. The claim of the plaintiff is that he lost by the failure of the justice lawfully to adjourn the case on the return day. The trial court held as a matter of law that jurisdiction was not lost. We take the same view. There may have been some confusion, but the judgment shows jurisdiction on its face and we cannot find evidence sufficient to justify a holding of a failure of adjournment.

Order affirmed.

[1]Reported in 218 N. W. 171.